UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

OPHELIA WASHINGTON,                                                                                   Plaintiff,

v.                                                                                   Civil Action No. 3:15-cv-373-DJH

HARTFORD LIFE & ACCIDENT
INSURANCE COMPANY,                                                                                 Defendant.

* * * * *

### MEMORANDUM OPINION AND ORDER

Defendant Hartford Life & Accident Insurance Company requests transfer of this case to the Eastern District of North Carolina, arguing that the case has practically no connection to the Western District of Kentucky and that North Carolina is a more appropriate forum. (Docket No. 28) The Court agrees and will grant the motion to transfer.

**I.     BACKGROUND**

Plaintiff Ophelia Washington resides in North Carolina and was an employee of GlaxoSmithKline, Inc. (D.N. 28-1, PageID # 2464) She participated in an employee benefit plan that included long-term disability coverage. (*Id.*) She alleges that she became disabled and was eligible for long-term disability benefits, but was denied those benefits by Defendant Hartford. (*Id.*) Hartford is a Connecticut company, and it administered Washington's claims from its office in Atlanta, Georgia. (*Id.*)

This case has few connections to Kentucky. Hartford has a mail drop facility in Lexington, Kentucky, which is located in the Eastern District of Kentucky. (D.N. 34, PageID # 2546) A third-party vendor, Xerox, staffs that facility and "receives correspondence on behalf of Hartford and scans it there for use and electronic storage." (*Id.*) And so, the record is full of

1

Lexington return addresses and instructions for Washington to send materials to the Lexington address. (*See* D.N. 30, PageID # 2490-91)

The most obvious connection this case has to the Western District of Kentucky is that Washington's counsel resides here. (D.N. 30, PageID # 2492) And the Court notes that he has recently filed numerous cases in the Western District of Kentucky that have little connection to this forum. *See, e.g., Perry v. Hartford Life & Accident Ins. Co.*, Case No. 3:14-cv-737-CRS, (W.D. Ky. Feb. 10, 2016); *Borchers v. Life Ins. Co. of N. Am.*, Case No. 3:15-cv-584-JHM-CHL (W.D. Ky. Dec. 8, 2015); *Ford v. Hartford Life & Accident Ins. Co.*, Case No. 3:15-cv-223-DJH (W.D. Ky. Oct. 8, 2015); *Hilbert v. Lincoln Nat'l Life Ins. Co.*, No. 3:14-cv-565-JGH, 2015 WL 1034058 (W.D. Ky. Mar. 9, 2015). Each of these cases has been transferred to a more appropriate district.

## II. STANDARD

The threshold question before transferring a case is always whether the action "might have been brought" in the potential transferee venue. 28 U.S.C. § 1404(a). The Court must then "consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systematic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 n.1 (6th Cir. 2006) (citation omitted). In addressing these considerations, the Court examines: (1) the location of witnesses; (2) the parties' residences; (3) where the evidence is located; (4) the location of events that gave rise to the suit; (5) systematic integrity and fairness; and (6) plaintiff's forum choice. *Pharmerica Corp. v. Crestwood Care Ctr., L.P.*, No. 3:12-cv-511-CRS, 2013 WL 5425247, at *1 (W.D. Ky. Sept. 26, 2013) (citation omitted). The moving party must demonstrate that the balance of the factors weighs in favor of transfer.

*Adams v. Honda Motor Co., Ltd.*, No. 3:05-cv-120-S, 2005 WL 3236790, at *1 (W.D. Ky. Nov. 21, 2005) (citing 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure*, § 3848 (1986)). Though it is true that "the plaintiff's choice of forum should rarely be disturbed . . . the plaintiff's choice is by no means dispositive." *Pharmerica*, 2013 WL 5425247 at *2 (citations omitted).

### III. DISCUSSION

The Employee Retirement Income Security Act provides that claims for ERISA-governed benefits "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Because of this broad venue provision, the initial question of whether this case might have been brought in the Eastern District of North Carolina, *see* 28 U.S.C. § 1404(a), must be answered affirmatively. After all, ERISA breaches occur where the benefits are to be received. *See Hilbert*, 2015 WL 1034058, at *2 (citing *Coulter v. Office & Prof'l Emps. Int'l Union*, No. 1:03-CV-111, 2003 WL 21938910, at *3 (E.D. Tenn. June 10, 2003)). So the Court must consider the relevant factors before deciding whether to transfer the case.

"The first and third factors, the location of witnesses and evidence, are often irrelevant in ERISA suits since these cases are typically decided on review of the administrative record." *Hilbert*, 2015 WL 1034058, at *2. To the extent those factors could be relevant, though, all of Washington's treating physicians—possible witnesses—are located in Raleigh, North Carolina. (D.N. 28-1, PageID # 2466) For the second factor, Washington resides in Garner, North Carolina, which, like Raleigh, is located within the Eastern District of North Carolina. (*Id*.) For the fourth factor, it appears that the location of events giving rise to the suit was Atlanta, Georgia, because that is where Washington's claims were processed and her denial letters were

issued. (D.N. 34, PageID # 2546-47) But since ERISA breaches are deemed to occur where the benefits were to be received, it can also be argued that the location giving rise to the suit was Garner, North Carolina, where Washington resided, because that is where she was supposed to receive her benefits. *See Hilbert*, 2015 WL 1034058, at *2. So this factor, at least partially, supports transfer to North Carolina. Next, the systematic integrity and fairness factor "also cuts against [Washington]" because "this case has almost no connection to Western Kentucky. Indeed, the only connection is [Washington's] counsel." *Id*. Finally, for the sixth factor, while a plaintiff's choice in forum is normally given deference, that choice is "given little deference when the plaintiff chooses a forum that is not her home." *Id*. (citing *Dorsey v. Hartford Life & Accident Ins. Co.*, No. 1:08-cv-243, 2009 WL 703384, at *4 (E.D. Tenn. Mar. 16, 2009)).

## IV.     CONCLUSION

From the relevant factors, the Court concludes that the Eastern District of North Carolina is a more convenient forum for this case than the Western District of Kentucky. The singular connection to this venue is the plaintiff's counsel, and that alone is not enough. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that the motion to transfer (D.N. 28) is **GRANTED** and this matter is **TRANSFERRED** to the Eastern District of North Carolina.

April 13, 2016

David J. Hale, Judge
United States District Court

4